**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| YUXIANG WANG, | No. 09-72690 |
| Petitioner, | Agency No. A099-967-724 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2013[**]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Yuxiang Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility findings, applying the standards created by the REAL ID Act. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on discrepancies in Wang's testimony regarding whether she had an IUD inserted and removed after the birth of her first child. *See id*. at 1046-47; *see also Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (BIA not compelled to accept petitioner's explanation for inconsistencies). Further, substantial evidence supports the agency's determination that Wang failed to carry her evidentiary burden of proof. *See Ren v. Holder*, 648 F.3d 1079, 1093-94 (9th Cir. 2011). In the absence of credible testimony her asylum and withholding of removal claims fail.

Because Wang's CAT claim is based on the same testimony found not credible, and the record does not otherwise compel the finding that it is more likely than not she will be tortured if returned to China, her CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

Finally, we do not consider the documents attached to Wang's opening brief because our review is limited to the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED.**